## Case No. 15,040.

### UNITED STATES v. ELIASON.

[1 Hayw. & H. 21.] [1]

Circuit Court, District of Columbia.    Jan. 23, 1841.

ARMY OFFICER — EXTRA SERVICES — DISBURSEMENTS.

An army officer, ordered to take charge of and superintend the works on certain fortifications,

---

. [1] [Reported by John A. Hayward, Esq., and Geo. C. Hazleton, Esq.]

claimed credits for extra services under the army regulations for 1821, 2½ per centum of the amount disbursed by him. *Held*, on a suit by the government upon his account for alleged balances due, that the proviso of the 3d section of the act of congress of 1835, c. 30 (4 Stat. 771), did not apply to the case, and that he was entitled to such credits.

This was a suit brought by the plaintiffs for a balance due on an army officer's (the late Wm. A. Eliason) account.

The declaration contains the usual counts. The cause was tried on an agreed statement of facts.

The declaration is as follows: "District of Columbia, Washington County. To wit: William A. Eliason, late of Washington county, gentleman, was attached to answer unto the United States in a plea of trespass on the case, &c. And whereupon the said plaintiffs, by F. S. Key, their attorney, complain that whereas the said defendant, on the first day of January, in the year of our Lord one thousand eight hundred and thirty-nine, at the county aforesaid, was indebted unto the said plaintiffs in the sum of nine thousand eight hundred and thirty dollars and thirty-two cents, current money, for sundry matters and articles properly chargeable in account, as by a particular account thereof herewith into court exhibited appears; and so being indebted, the said defendant, in consideration thereof, afterwards, to wit, on the day and year aforesaid, at the county aforesaid, undertook and faithfully promised to the said plaintiffs to pay the said plaintiffs the aforesaid sum of money when he should be thereto afterwards required." Then followed a count for the like sum laid out and expended at the request of the said defendant, and a count for a like sum found in arrears, and due to the said plaintiffs. "Yet, the said defendant, not regarding his said several promises and undertakings, so by him made in this behalf as aforesaid, but contriving, and fraudulently intending, craftily and subtilely to deceive and defraud the said plaintiffs in this respect, hath not yet paid the said several sums of money, or any part thereof, to the said plaintiffs (although so to do the defendant was requested by the said plaintiffs, to wit, on the same day and year aforesaid, and often afterwards, at the county aforesaid), but he to do this has hitherto refused, and still refuses. Whereupon the said plaintiffs say they are injured and have sustained damage to the value of twenty thousand dollars current money, and therefore the said United States bring suit, &c. John Doe, Richard Roe, Pledges. F. S. Key, Att'y for the United States for the District of Columbia."

The cause came on for trial at the March term, 1840, and the death of the defendant, William A. Eliason, was suggested, when Mary L. Eliason, administratrix, appeared.

The following agreed case was submitted for the opinion of the court: On the trial of the above cause the plaintiffs, to maintain

the issue on their part joined, offered in evidence the transcript from the treasury department which states a balance of $2,600.75 due from the defendant to the United States. And the defendant then offered evidence to show that said intestate was a captain in the United States corps of engineers, and, as such, was ordered to take charge of and superintend the works on Fortress Calhoun, and took charge of, on, and continued the said work from, the 7th of November, 1834, to the 10th of September, 1838. And further offered in evidence the general regulations of the war department, as follows: Article 67, § 14: "When there is no agent for fortifications the superintending officer shall perform the duties of agent, and while performing such duties, the rules and regulations for the government of the agents shall be applicable to him; and as compensation for the performance of that extra duty, he will be allowed, for moneys expended by him in the construction of fortifications, at the rate of two dollars per diem, during the continuance of such disbursements, provided the whole amount of emoluments shall not exceed two-and-a-half per cent. on the amount expended." Army Regulations 1821, p. 167. And further, that the said intestate while thus employed disbursed $214,392.61. That he was also directed to take charge of and superintend the removal of a light-house into Fortress Calhoun, in which service he disbursed $1,143.13. And further, that he was charged with the disbursement of, and did disburse, the sum of $1,891.43 for incidental expenses of fortifications, beginning in the year 1830. And that he purchased for the use of the engineer department a set of instruments and case, and the department allowed him for the instruments, but refused to allow him for the case, amounting to $10. And further, that the pay and emoluments of the said intestate have been stopped by the government of the United States from the 31st day of December, 1838, to the 15th day of June 1839, amounting to $1,014.95. And the defendant claimed credits to the amount of $3,764.05. And further offered evidence that all the claims above stated, except that for pay and emoluments, had been submitted to and rejected by the auditing officers of the treasury department. And further produced and offered in evidence the statement of the state of the appropriations under which the disbursements were made, in which it states the total amount to be accounted for by Capt. Eliason since April 1, 1835, $214,392.61.

The plaintiffs offered in evidence the regulations of the war department of March 14, 1835, construing the proviso in the act of congress of March 3, 1835. And upon the foregoing statement it is submitted to the court to say whether the defendant's intestate was entitled by law to the allowance claimed by him for disbursements as above stated. If the court is of opinion that he is so entitled, then the judgment to be for defendant, if otherwise, for the plaintiff for the amount appearing due by the transcript.[2]

F. S. Key, for the United States.
Joseph H. Bradley, for defendant.

The following is the opinion of THE COURT:

Upon the full consideration of the case stated as aforesaid, THE COURT is of opinion that the proviso in the act of March 3, 1835 (chapter 30, § 3),[3] is only applicable to the disbursing of public money appropriated by law during the session of congress in which that act was passed, and it appearing to the satisfaction of the court that no part of the money as aforesaid disbursed by the defendant was appropriated at the said session of congress; the court is also of opinion that the said intestate was entitled to the allowances claimed by him for the disbursements as above stated, and do therefore order the judgment to be entered for the said defendant.

---

[2] The amount stated in the declaration was reduced to the amount stated in the transcript of the treasury department.

[3] Section 3, c. 30, of the act of March 3, 1835, repealed section 2, c. 92, of the act of 1834 [4 Stat. 698], making appropriations for the civil and diplomatic expenses of the government for the year 1834, and contained a proviso that no officer should receive under this act a greater annual salary or compensation than was paid to such officer for the year 1832, and that in no case shall the compensation of any other officers than collectors, appraisers and surveyors, whether by salaries, fees or otherwise, exceed the sum of $1,500 each, per annum. Nor shall the union of any two or more of these offices in one person entitle him to receive more than that sum, &c.

